**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENEA SCOTT, REGINA BOYCE AND JULIE HOLMES,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SAMPATH K. SURYADEVERA, et al.,<br><br>　　　　　Defendant. | 1:05-cv-1282 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 5/8/09<br><br>Non-Dispositive Motion Filing Deadline: 5/22/09<br><br>Dispositive Motion Filing Deadline: 6/9/09<br><br>Settlement Conference Date: 6/4/09 10:00 Ctrm. 10<br><br>Pre-Trial Conference Date: 8/17/09 11:00 Ctrm. 3<br><br>Trial Date: 9/29/09 9:00 Ctrm. 3 (JT-20 days) |

I.   Date of Scheduling Conference.

　　　March 27, 2008.

II.  Appearances Of Counsel.

　　　Bingham McCutchen LLP by Sandra Zuniga, Esq., appeared on behalf of Plaintiffs.

　　　McCormick, Barstow, Sheppard, Wayte & Carruth by Alice Dostalova, Esq., appeared on behalf of Defendant Madera Community Hospital.

Baker, Manock & Jensen by Sherrie M. Flynn, Esq., appeared on behalf of Defendant Mohammad Anwar, M.D.

William A. Krabbenhoft, Esq., Deputy Attorney General, appeared on behalf of Defendants Debra Jacquez, Shelly Kruse, Gwendolyn Mitchell, Sampath K. Suryadevera, M.D., and Juan Jose Tur, M.D.

III. Summary of Pleadings.

**Plaintiffs' Statement**.

1.  Plaintiffs Ms. Scott, Ms. Boyce, and Ms. Holmes were prisoners at Central California Women's Facility ("CCWF"). They allege that the California Department of Corrections ("CDCR")/ CCWF and its employees or agents sent them to Madera Community Hospital ("MCH") for an unnecessary surgery. Plaintiffs requested and were denied non-surgical treatment to treat boils in each of their arm pit regions. Despite being notified of Dr. Anwar's injuries to other CCWF prisoners, the CDCR Defendants sent Plaintiffs to Dr. Anwar for surgery. Plaintiffs received invasive improper treatment from Dr. Anwar and MCH. The surgery left Plaintiffs with limited mobility, flexibility, sensation and pain in their arms.

2.  Plaintiffs allege that each of the Defendants exhibited a deliberate indifference to their medical needs by subjecting them to unnecessary surgery that mutilated their bodies and caused severe and permanent disfigurement and disability. Plaintiffs further contend that Defendants' actions constitute cruel and unusual punishment. Plaintiffs additionally contend that subjecting Plaintiffs to the surgical treatment without their informed consent and performing surgery far more invasive

than necessary or proper without apprising them of the risks of surgery constitutes battery.

3.  Plaintiffs also contend that each of the Defendants intentionally misrepresented to Plaintiffs that dermatological care was not appropriate, that surgery was the only treatment option available, and that the intended surgery was less extensive and less serious than it actually was. Additionally, Defendants' directive that Plaintiffs receive surgery from Dr. Anwar and their permission allowing Dr. Anwar to perform the same surgery that resulted in disastrous consequences to other inmates constituted extreme and outrageous conduct, and caused Plaintiffs to suffer emotional distress.  Plaintiffs further allege that Dr. Anwar, Dr. Suryadevara, Dr. Tur, and MCH committed medical negligence by breaching their duty of care to Plaintiffs by either injuring them or failing to use the knowledge, skill and care ordinarily exercised by members of the relevant community. Plaintiffs seek the following relief: (1) compensatory damages including but not limited to lost wages, future wages, and emotional distress, and (2) attorneys' fees and costs.  In addition, Plaintiffs intend to amend their complaint to include a claim for punitive damages at the appropriate time.

**Defendant, Madera Community Hospital's, Statement**.

4.  First, MCH denies, disputes and disagrees with the claims and allegations made by each of the three Plaintiffs in both their Third Amended Complaint for Damages [Doc. #77] and as set forth by Plaintiffs within this Report.  The information contained within MCH's Answer to this Third Amended Complaint [Doc. #78] is incorporated herein by reference.

5.     Second, MCH contends that no action, inaction, error, omission or conduct on the part of any nurse, staff or other personnel fell below the applicable standard of care.  In addition, MCH contends that no action, inaction, error, omission or conduct on the part of any nurse, employee, staff or other personnel was a proximate legal cause to the injuries/damages now being alleged by any of the three Plaintiffs.

6.     Third, the claims against MCH fail to describe and/or identify any specific conduct on the part of the nurses, employees, staff and personnel of MCH that constitutes either medical malpractice, civil rights violations, constitutional violations, misrepresentation or any other alleged wrongdoing by MCH.

7.     Fourth, MCH has no reason to think that any other Defendant, person or entity acted below the applicable standard of care with respect to treatment and care provided to each Plaintiff.  In addition, MCH has no reason to think that any other Defendant, person or entity was a proximate cause of harm to any of the three Plaintiffs.  Nonetheless, any claims of negligence, malpractice, civil rights violations, constitutional violations, civil battery, misrepresentations and/or intentional torts against Dr. Anwar, any other Defendant, person, entity or any other medical doctor cannot be imputed onto MCH as neither Dr. Anwar nor any of the other named Defendants and other physicians involved in the Plaintiffs' care were all independent contractors of MCH and not their employees or under their control.  The true relationship between MCH and physicians, such as Dr. Anwar, are spelled out for the Plaintiffs in each of the

4

admission and consent paperwork signed by each of the three Plaintiffs.

8. Fifth, MCH was not on notice of any of the alleged conduct and/or wrongdoing described by the three Plaintiffs in their current Complaint for damages [Doc. #77].

9. Sixth, Plaintiffs' claims are limited, and/or reduced, by MICRA and the contributory negligence of others and the comparative fault/assumption of the risk of each Plaintiff and other affirmative defenses as referenced in MCH's Answer [Doc. #78].

10. Seventh, MCH did not violate any constitutional or civil rights of any of the three named Plaintiffs in this action.

11. Eighth, MCH properly, reasonably and in good faith, granted and renewed the Medical Staff privileges for Dr. Anwar. MCH adequately investigated Dr. Anwar's application for Staff privileges, adequately investigated any complaints/claims it was aware of regarding Dr. Anwar and therefore, MCH's conduct did not manifest a "conscious disregard" of each of Plaintiff's rights, safety and interests. MCH did not know, nor should it have been expected to know, about the alleged wrongdoing, negligence and malfeasance purportedly committed by Dr. Anwar.

<u>Defendant Muhamman Anwar, M.D.'s Statement</u>.

12. Dr. Anwar denies each of Plaintiffs' Genea Scott, Regina Boyce and Julie Holmes' claims and allegations as set forth in this report and in Plaintiff's Third Amended Complaint.

13. Dr. Anwar contends that at no time did he act with intent to harm or with deliberate indifference to any of the Plaintiffs' serious medical needs.

5

14.  Dr. Anwar contends that the surgical treatment he provided to each of the three Plaintiffs was appropriate, warranted and complied with the standard of care, and that Dr. Anwar possessed and used the knowledge, skill and care ordinarily exercised by members of the relevant community.

15.  Dr. Anwar contends that he appropriately advised each of the three Plaintiffs of all material information including the risks and benefits of surgical treatment for each of their conditions, and that each Plaintiff, being fully informed, consented to such treatment.

16.  Dr. Anwar contends that he is not liable for Plaintiffs' alleged damages pursuant to Civil Code § 1714.8, because Plaintiffs' alleged damages, if any, are the natural or expected result of reasonable treatment rendered for each Plaintiff's disease or condition.

17.  Plaintiffs' claims are limited by MICRA, and the comparative negligence of each of the Plaintiffs.

18.  Dr. Anwar's Answer to Plaintiffs' Third Amended Complaint [Doc. #79] sets forth additional denials and applicable affirmative defenses, and is incorporated herein by reference.

**Defendants Debra Jacquez and Gwendolyn Mitchell's Statement**.

19.  Defendants deny each of Plaintiffs Scott, Boyce, and Holmes' claims and allegations as set forth in this report and in their Third Amended Complaint, and incorporate by reference their answer, and the affirmative defenses therein, to Plaintiffs Third Amended Complaint.  Defendants deny that as Wardens of CCWF they had a duty or responsibility to provide medical care to

6

Plaintiffs or to oversee the medical care provided to Plaintiffs. Defendants deny they caused any Plaintiff any harm or injury; that they had any knowledge that Dr. Anwar engaged in misconduct that constituted a substantial risk of harm and/or deliberate indifference associated with his treatment of CDCR inmates; deny that they consciously disregarded any Plaintiff's safety or health and deny that their actions or omissions constituted deliberate indifference to any Plaintiff's serious medical need, of one even existed; deny that their actions and omissions constituted a violation of any Plaintiff's civil rights; deny that they violated state law in any way, deny any Plaintiff has sustained any personal injury or harm as alleged, and deny that any Plaintiff is entitled to relief.  Defendants further assert that Plaintiffs Boyce and Holmes failed to exhaust their administrative remedies prior to filing this lawsuit. Plaintiffs' claims are limited by MICRA and the comparative negligence of each Plaintiff.

**Defendant, Sampath Suryadevara, M.D.'s ("Suryadevara") Statement**.

20.  Defendant denies each of Plaintiffs Scott, Boyce, and Holmes' claims and allegations as set forth in this report and in their Third Amended Complaint, and incorporate by reference their answer, and the affirmative defenses therein, to Plaintiffs' Third Amended Complaint.  Suryadevara denies that he has caused Plaintiffs any injury or harm whatsoever; denies that he referred inmates to Anwar with knowledge of any misconduct or mistreatment of inmates by Anwar; denies he made any misrepresentations to Plaintiffs at any time; denies that his actions or omissions

7

constituted professional negligence; denies that his actions or omissions constituted deliberate indifference to Plaintiffs' serious medical needs, if any there were; denies that his actions or omissions constituted a violation of Plaintiffs' civil rights; denies that Plaintiffs have sustained any personal injury or other harm as alleged; and denies that Plaintiffs are entitled to any relief.

21.  Defendant further asserts that Plaintiffs Boyce and Holmes failed to exhaust their administrative remedies prior to filing this lawsuit.  Plaintiffs' claims are limited by MICRA and the comparative negligence of each Plaintiff.

**Defendant, Juan Jose Tur, M.D. ("Tur") and Shelly Kruse, M.D.'s Statement**.

22.  Defendants deny each of Plaintiffs Scott, Boyce, and Holmes' claims and allegations as set forth in this report and in their Third Amended Complaint, and incorporate by reference their answer, and the affirmative defenses therein, to Plaintiffs' Third Amended Complaint.

23.  Defendants Tur and Kruse deny that they caused Plaintiffs any injury or harm whatsoever; deny that they referred inmates to Anwar with knowledge of any misconduct or mistreatment of inmates by Anwar; deny that they made any misrepresentations to Plaintiffs at any time; deny that their actions or omissions constituted professional negligence; deny that their actions or omissions constituted deliberate indifference to Plaintiffs' serious medical needs, if any there were; deny that their actions or omissions constituted a violation of Plaintiffs' civil rights; deny that any Plaintiff has sustained any personal injury or

8

other harm as alleged; and deny that any Plaintiff is entitled to any relief.  Defendants further assert that Plaintiffs Boyce and Holmes failed to exhaust their administrative remedies prior to filing this lawsuit.  Plaintiffs' claims are limited by MICRA and the comparative negligence of each Plaintiff.

IV.  Orders Re Amendments To Pleadings.

   1.   Plaintiffs intend to file a motion to amend their complaint to include a claim for punitive damages at the appropriate time.  Any such motion shall be filed within 120 days, which would be on or before July 28, 2008.  With this exception, the parties do not contemplate other amendments to the pleadings.  Plaintiffs reserve the right to add parties and amend pleadings as information is learned through discovery.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.   Each individual Plaintiff was a prisoner at CCWF, Chowchilla, California, at all times alleged in the Complaint.

      2.   Each Plaintiff was at all times alleged in the Complaint a citizen of the United States.

      3.   Dr. Anwar performed surgery at MCH on Plaintiff Genea Scott on July 6, 2005, on Plaintiff Regina Boyce on October 7, 2003, and on Plaintiff Julie Holmes on May 4, 2005.

      4.   MCH provides medical care in Madera County, California.

      5.   At all times alleged in the Complaint, Dr. Anwar is and was a physician licensed to practice medicine in the State of California and admitted to full privileges at MCH at the times

9

he provided care and treatment to each Plaintiff.

      6.    A contract existed between MCH and the CDCR, not a party to this litigation, to provide hospital services for CCWF inmates.

      7.    A series of contracts was negotiated between the CDCR and Madera Multi-Specialty Group ("MMSG"), a medical group of which Dr. Anwar is a member, under which the CDCR agreed to pay fees for medical care and treatment, including but not limited to, surgical treatment provided to CDCR inmates.

    B.    Contested Facts.

      1.    All remaining facts are contested.

VI.    Legal Issues.

    A.    Uncontested.

      1.    Jurisdiction exists under 28 U.S.C. § 1331 and the Federal Civil Rights Act 42 U.S.C. § 1983 et seq. Plaintiffs further invoke jurisdiction under 28 U.S.C. § 1367.

      2.    Venue is proper under 28 U.S.C. § 1391.

      3.    This case has been consolidated for discovery purposes only, with *Brenda Allen v. Jeanne Woodford, et al.*, 1:05-cv-01104 OWW. The Court has deferred ruling as to whether these cases shall be consolidated for all purposes, including trial.

    B.    Contested.

      1.    Whether Plaintiffs have a cognizable claim under 42 U.S.C. § 1983.

      2.    Whether any civil battery exists under the facts alleged.

      3.    Whether the Eighth and Fourteenth Amendments were

violated.

      4.    Whether any Defendant made any intentional misrepresentations.

      5.    Whether any Defendant intentionally inflicted emotional distress on any Plaintiff, and whether any Plaintiff experienced any emotional distress.

      6.    Whether or not any licensed professional engaged in professional negligence.

      7.    Whether or not the breach of any duty or violation of any standard of care or law caused injury to any Plaintiff.

      8.    The nature and extent of damages, if any.

VII. Consent to Magistrate Judge Jurisdiction.

   1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

   1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Discovery Dispute.

   1.    Specifically, the CDCR Defendants contend that they have no responsive documents because such documents, while they do exist, are technically the property of the State. According to the CDCR Defendants, the State has not authorized them to produce responsive documents, and therefore they have not been

11

1   produced.  On January 30, 2007, in response to Plaintiff's Motion
2   to Compel in *Brenda Allen v. Jeanne Woodford, et al.*, Case No.
3   1:05-cv-1104 OWW GSA, the Court ordered CDCR Defendants to
4   provide declarations saying who has responsive documents.
5   Plaintiff in *Brenda Allen* subsequently served the third parties
6   identified in those declarations with subpoenas.  Production was
7   set for September 21, 2007, per the Court's Order.  On September
8   21, 2007, Plaintiff in *Brenda Allen* received 68 pages of
9   objections to each and every one of its requests for documents.
10  No documents were produced.  The third parties did not deny that
11  they had responsive materials, but rather contended they could
12  not be compelled to produce documents because they are the
13  property of the State of California which has not consented to
14  their production.  Plaintiff in *Brenda Allen* filed a Motion to
15  Compel on December 13, 2007, and the Court granted the Motion on
16  February 20, 2008.  Still, the third parties have not produced
17  any documents.
18       2.   To date, the CDCR Defendants have provided no
19  responsive documents regarding Dr. Anwar's performance, the
20  CDCR's investigation into Dr. Anwar's performance, the CDCR's
21  decision to terminate Dr. Anwar, or other complaints regarding
22  Dr. Anwar's performance.  Plaintiffs contend that until the
23  Defendants and Third Parties fully cooperate with Plaintiffs'
24  discovery requests, it is premature to set any further discovery
25  dates.  However, with the full cooperation of the Defendants and
26  Third Parties, Plaintiffs hope to close all discovery by May 22,
27  2009.
28  *///*

12

X. Status of Matters Before the Court.

    1. The parties agree that to the extent that any documents are produced in the *Allen* case, that those documents shall be useable in this case with the same force and effect.

XI. Discovery Plan and Cut-Off Date.

    1. The parties are ordered to complete all non-expert discovery on or before January 9, 2009.

    2. The parties are directed to disclose all expert witnesses, in writing, on or before February 27, 2009. Any supplemental or rebuttal expert disclosures will be made on or before March 30, 2009. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3. The parties are ordered to complete all discovery on or before May 8, 2009.

    4. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

XII. Pre-Trial Motion Schedule.

    1. All Non-Dispositive Pre-Trial Motions, including any

discovery motions, will be filed on or before May 22, 2009, and heard on June 26, 2009, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than June 9, 2009, and will be heard on July 13, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XIII.   Pre-Trial Conference Date.

    1.   August 17, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XIV.   Trial Date.

    1.   September 29, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2. This is a jury trial.

3. Counsels' Estimate Of Trial Time:

   a. 20 days.

4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XV. Settlement Conference.

1. A Settlement Conference is scheduled for June 4, 2009, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The

15

statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     5.   The Confidential Settlement Conference Statement shall include the following:

         a.   A brief statement of the facts of the case.

         b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

         c.   A summary of the proceedings to date.

         d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

         e.   The relief sought.

         f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XVI. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

     1.   Plaintiffs' position is that this trial should not be bifurcated or severed.

     2.   All Defendants reserve the right to move the Court for

16

bifurcation of issues for trial, under Federal Rules of Civil Procedure, Rule 42(b), to have the issue(s) of alleged professional negligence/lack of informed consent tried first to the jury, separate from any and all other claims.  All Defendants further reserve their respective rights to move for severance, pursuant to Federal Rules of Civil Procedure 21, to have each Plaintiffs' individual lawsuit heard separately via independent trials.  Defendants' position is that grounds for bifurcation and severance would promote judicial economy, lessen the risk of confusing the jury, would not prejudice any party, and would avoid substantial prejudice to the Defendants.

3.   In the event that punitive damages are an issue in this case, the amount, if any, of punitive damages shall be tried in a separate phase in a continuous trial before the same jury, only after liability, compensatory damages, and the right to punitive damages is first established.

XVII.   Related Matters Pending.

1.   Plaintiffs filed a motion to consolidate the present case with *Brenda Allen v. Jeanne Woodford, et al.*, Case NO. 1:05-cv-1104 OWW GSA, noting that this matter and that case share many of the same parties, are based on similar claims, and both actions involve similar questions of fact and law.  On December 26, 2006, the Court granted the motion to consolidate for the purposes of discovery, without prejudice to later consolidations for all purposes.

XVIII.   Other Matters.

1.   Defendants each reserve their respective right to request that Plaintiffs submit to an independent medical

17

examination.  Plaintiffs reserve their right to oppose any motion moving the Court to order such examination and ask the Court to order that the CCWF not do any further examinations on Plaintiffs for the purposes of investigation.  At this time, the parties are not aware of any other matter affecting the status of the case.

XIX. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XX.  Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in

1 | **the imposition of sanctions.**
2 |
3 | IT IS SO ORDERED.
4 | **Dated:   March 27, 2008**                          /s/ Oliver W. Wanger
                                                   UNITED STATES DISTRICT JUDGE